UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X Index No.:
CHRISTOPHER CLARK,

Plaintiff,

-against-

**COMPLAINT**

WILDLIFE CONSERVATION SOCIETY, individually and d/b/a "BRONX ZOO," and SONIA KALAMANOWITZ, individually,

Defendants.
------------------------------------------------------------------X

Plaintiff Demands A Trial by Jury

Plaintiff, by and through his attorneys, PHILLIPS AND ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e et seq. ("Title VII"), as well as the New York Executive Law, and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by his employer on the basis of his race, sex/gender, actual and/or perceived sexual orientation, together with sexual harassment, creating a hostile work environment, retaliation, and constructive discharge.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. 2000e et seq., 28 U.S.C. §1331, §1343, and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about May 17, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about April 15, 2022, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is brought within ninety (90) days of said Notice of Right to Sue Letter.

**PARTIES**

8. Plaintiff is a homosexual, African-American male resident of the State of New York, County of Queens.

9. At all times material, Defendant WILDLIFE CONSERVATION SOCIETY, individually and d/b/a "BRONX ZOO" (hereinafter "BRONX ZOO") was and is a domestic not-for-profit corporation duly incorporated under the laws of the State of New York.

10. At all times material, Defendant BRONX ZOO was and is a zoo, located at 2300 Southern Avenue, Bronx, NY 10460.

11. At all times material, Defendant SONIA KALAMANOWITZ (hereinafter "KALAMANOWITZ") was and is a Hispanic, female resident of the State of New York, County of the Bronx.

12. At all times material, Defendant KALAMANOWITZ was Defendant BRONX ZOO's "Maintenance II Supervisor."

13. At all times material, Defendant KALAMANOWITZ was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

14. At all times material, Defendant BRONX ZOO and Defendant KALAMANOWITZ are also hereinafter collectively referred to as "Defendants."

15. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

16. In or around late July 2020, Plaintiff began working for Defendants as a Seasonal "zoo park attendant." Plaintiff was the only homosexual, African-American attendant working for Defendants.

17. In that capacity, Plaintiff emptied garbage, mopped floors, removed debris, and cleaned bathrooms and outdoor viewing areas.

18. Throughout the first four months of his employment, Plaintiff had no performance-related issues.

19. Then, in or around mid-November 2020, Defendant KALAMANOWITZ began to sexually harass Plaintiff and discriminate against him on the basis of his race and sexual orientation.

20. For example, while Plaintiff was shoveling ice, Defendant KALAMANOWITZ repeatedly grabbed Plaintiff's arm and cited that she needed to do so for balance. However, Defendant KALAMANOWITZ touched Plaintiff in a flirtatious manner, in that she was smiling and continually holding on to Plaintiff's arm for prolonged periods, even when she was completely balanced. Therefore, Plaintiff reasonably perceived this unwanted touching as sexually harassing behavior. Nevertheless, Plaintiff did not complain because he did not want to "rock the boat."

21. Additionally, shortly afterwards, Plaintiff was gathering equipment for his shift when Defendant KALAMANOWITZ approached a group of Hispanic employees and callously referred to Plaintiff in Spanish as, "**maricon moreno mofo**," which Plaintiff understood to

mean "**gay black motherfucker**." Nevertheless, Plaintiff again did not complain because he feared possible termination.

22. Defendant KALAMANOWITZ' discriminatory comment showed her animus towards Plaintiff for being gay and therefore rejecting her advances, as well as his being black.

23. Accordingly, Defendant KALAMANOWITZ began to retaliate against Plaintiff for rejecting her advances by assigning him to work exclusively outdoors as the weather became colder.

24. When Plaintiff asked Defendant KALAMANOWITZ why he was the only attendant forced to work exclusively outisde, Defendant KALAMANOWITZ responded, "**You need to work here more than three months before getting a key to work indoors**." However, this was pretext because Plaintiff had worked for Defendants for more than three months. Moreover, all of the other attendants who were employed for less than three months, none of whom were black or homosexual, were allowed to rotate working indoors and outdoors.

25. Thus, based on Plaintiff rejecting Defendant KALAMONOWITZ' sexual advances, and her previous discriminatory comments, Plaintiff reasonably believed that he was forced to work exclusively outside for both retaliatory reasons and due to his race and sexual orientation.

26. Meanwhile, on or about December 1, 2020, Defendants' "Human Resources Representative," Erica Bloomenthal, offered Plaintiff a full-time position in the same role, which Plaintiff accepted due to the increased income, benefits, and job stability.

27. Accordingly, on or about December 5, 2020, Plaintiff began working for Defendants on a full-time basis.

28. Throughout December 2020, Defendant KALAMANOWITZ was on vacation and Defendants' "Maintenance I Supervisor," Jeff (last name currently unknown), was Plaintiff's temporary supervisor.

29. During that period, Plaintiff experienced a brief respite from Defendant KALAMANOWITZ' discriminatory behavior and was scheduled to work both indoor and outdoor shifts alongside the other attendants.

30. However, in or around mid-January 2021, Defendant KALAMANOWITZ returned from vacation and resumed her retaliatory behavior.

31. For example, from mid-January 2021 to January 22, 2021, Defendant KALAMANOWITZ again forced Plaintiff to work exclusively outside during freezing and hazardous weather conditions, while rotating the other attendants between indoor and outdoor shifts. Plaintiff again did not complain because he did not want to jeopardize his newly acquired "full-time" status at the zoo.

32. Nevertheless, on or about January 22, 2021, after his shift, Plaintiff informed Defendants' "Director of Maintenance and Horticulture," Todd Comstock, that he was exposed to someone who contracted COVID-19 and therefore needed to quarantine for fourteen (14) days.

33. Thus, from January 23, 2021 to February 6, 2021, Plaintiff quarantined in accordance with state guidelines governing COVID-19 exposures.

34. Being away from Defendant KALAMANOWITZ, within the confines of his home, prompted Plaintiff to complain about her previous sexually harassing and discriminatory behavior.

35. Accordingly, on or about January 25, 2021, Plaintiff emailed Mr. Comstock:

> "I have been blatantly disrespected and discriminated against because of my sexual orientation and race … [Defendant KALAMANOWITZ] has made me uncomfortable called me derogatory names in Spanish (homosexual mofo and black). She touched me inappropriately and I felt targeted and uncomfortable. This has gone on for some time and should have been addressed."

36. That same afternoon, Mr. Comstock responded to Plaintiff's email:

> ". . . I am very sorry to hear these terrible things have happened and have been said to you, and there is a process for you to have these concerns addressed without the fear of retaliation. I take these matters very seriously as does [Defendant BRONX ZOO] and both the Society and I deserve the opportunity to have this matter more thoroughly discussed and then address these matters appropriately … I have included Erica Bloomenthal, our Human Resources ["HR"] representative, on this email chain. It is our policy that any such allegations be reported to Human Resources as soon as we become aware of them. She will be reaching out to you to discuss this matter more fully."

37. The next day, Ms. Bloomenthal emailed Plaintiff, attached Defendants' complaint form, and asked him when he was available to speak. Plaintiff confirmed with Ms. Bloomenthal that he would be available later that day.

38. That afternoon, Ms. Bloomenthal called Plaintiff, where Plaintiff then reiterated his complaints that Defendant KALAMANOWITZ touched him inappropriately, used racial and homophobic slurs towards him, and continually forced him to work exclusively outside. Ms. Bloomenthal assured Plaintiff that he would not be retaliated against for reporting Defendant KALAMANOWITZ' discriminatory and sexually harassing behavior, and that Defendants' HR Department would investigate his complaint.

39. However, despite these assurances, Defendants did not take any remedial and/or corrective action.

40. Consequently, Defendant KALAMANOWITZ immediately resumed retaliating against Plaintiff for rejecting her advances and for his complaints of discrimination.

41. Specifically, on or about February 6, 2021, nearly two weeks after Plaintiff complained about sexual harassment and discrimination, Defendant KALAMANOWITZ again forced Plaintiff to work exclusively outside in hazardous weather conditions, while allowing the other attendants to work exclusively indoors during that shift.

42. Plaintiff finished his shift and did not complain any further because he believed his complaints would be futile, given that his previous complaints went unresolved and he was still being retaliated against.

43. As a result, on or about February 7, 2021, Plaintiff called Ms. Bloomenthal and told her he could no longer work for Defendants since they failed to address Plaintiff's complaints about Defendant KALAMANOWITZ' discrimination and sexual harassment.

44. Defendants' actions were intended to constructively terminate Plaintiff.

45. On or about February 7, 2021, Defendants did constructively discharge Plaintiff.

46. Defendants created a hostile work environment that no reasonable person would tolerate.

47. Defendants would not have discriminated against Plaintiff but for his race, sex/gender, and/or his actual and/or perceived sexual orientation.

48. Defendants would not have retaliated against Plaintiff but for his complaints of race discrimination, actual and/or perceived sexual orientation discrimination, and sexual harassment.

49. As a result of Defendants' actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

50. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered and continues to suffer severe emotional distress.

51. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

52. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demand Punitive Damages as against the Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**UNDER TITLE VII**
**DISCRIMINATION**

53. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended, for relief based upon the unlawful employment practices of Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, sex/gender, actual and/or perceived sexual orientation, together with sexual harassment, creating a hostile work environment, retaliation, and constructive discharge.

55. Defendants engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff on the basis of his race, sex/gender, actual and/or perceived sexual orientation, together with sexual harassment, creating a hostile work environment, retaliation, and constructive discharge.

**AS A SECOND CAUSE OF ACTION**
**UNDER TITLE VII**
**RETALIATION**

56. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

58. Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment, because of his opposition to their unlawful employment practices.

**AS A THIRD CAUSE OF ACTION**
**UNDER STATE LAW**
**DISCRIMINATION**

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's … race … sexual orientation … sex … to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

61. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race, sex/gender, actual and/or perceived sexual orientation, together with sexual harassment, creating a hostile work environment, and constructive discharge.

62. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

**AS A FOURTH CAUSE OF ACTION**
**UNDER NEW YORK STATE LAW**
**RETALIATION**

63. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

65. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to his employer's unlawful employment practices.

**AS A FIFTH CAUSE OF ACTION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**DISCRIMINATION**

66. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived … race … gender … sexual orientation … to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his race, sex/gender,

actual and/or perceived sexual orientation, together with sexual harassment, creating a hostile work environment, and constructive discharge.

**AS A SIXTH CAUSE OF ACTION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**RETALIATION**

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. The New York City Administrative Code Title 8-107(7) provides that:

> "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

71. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because he opposed Defendants' unlawful employment practices.

**WHEREFORE**, Plaintiff respectfully request a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII, the New York Executive Law, and the New York City Administrative Code and that the Defendants discriminated against Plaintiff on the basis of his race, sex/gender, actual and/or perceived sexual orientation, together with sexual harassment, creating a hostile work environment, retaliation, and constructive discharge;

B. Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial, plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: May 12, 2022
New York, New York

**PHILLIPS AND ASSOCIATES, PLLC**
*Attorneys for Plaintiff*

By: *<u>/s/ Max C. Bracero, Esq.</u>*
Max C. Bracero, Esq.
45 Broadway, Suite 430
New York, NY 10006
Tel: (212) 248-7431
Fax: (212) 901-2107